106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Aaron STOOKEY, Janet R. Stookey dba Teller Training
Institute of Indianapolis, Plaintiffs-Appellees,
v.
TELLER TRAINING DISTRIBUTORS, INC., a Washington
corporation, Teller Training Institutes, Inc., a
Washington corporation, Defendants,
and
David Lonay, Defendant-Appellant.
 No. 95-35825.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Jan. 16, 1997.
 
 1
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and WILLIAMS*.
 
 
 2
 MEMORANDUM**
 
 
 3
 The district court found that, while the defendant had no notice of the registration of the foreign Indiana federal district court's judgment in Washington federal district court, he did receive notice upon its filing in the King County Superior Court. The defendant failed to inform that court of the pending Indiana appeal, as permitted under RCW 6.36.045(1)(a). That statute provides that when a judgment debtor demonstrates that an appeal from a foreign judgment is pending, the court shall stay enforcement of that judgment until the appeal is concluded.
 
 
 4
 Because the King County Court was unaware of the pending appeal, it proceeded upon the foreign judgment. The defendant could have contested the registration in that court upon learning of the filing of the foreign judgment and before the sheriff's sale of his property. As he did not do so, the state court proceeded to foreclose on the property related to this judgment.
 
 
 5
 The Indiana judgment filed and acted upon in the state court is separate from the registration of the foreign judgment in the Washington district court. Thus, the district court did not err by refusing to vacate the federally registered judgment.
 
 
 6
 The appellant's attempt to remove the lien created by the registration of the Indiana judgment in the federal court fails. As the appellant did not contest the validity of the filing of the judgment in the state court action and that action was valid, the lien will be removed only upon satisfaction of the judgment in state court; this action has no effect on the independent state court proceedings.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Hon. Spencer M. Williams, Senior United States District Judge for the Northern District of California
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3